IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11117
_____

UNITED STATES OF AMERICA
           Plaintiff - Appellee

     v.

ROBERT LAKE, also known as Robert
Dashaun Lake
           Defendant - Appellant

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-45-1-A
- - - - - - - - - -
July 12, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Robert Lake pleaded guilty to conspiracy to fraudulently use identities in violation of 18 U.S.C. §§ 371 and 1028.  He appeals the district court's four-level upward departure from the sentencing guideline's range.  Lake asserts that the district court failed to comply with FED. R. CRIM. P. 32 because it did not provide notice that it was going to depart upward based on its finding that the loss calculation did not fully take into account the loss of the victims because there was no loss information from many of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

them.  He also contends that the district court did not provide notice that it was going to consider his role in the offense as a basis for an upward departure.  Lake argues that the district court erred in departing upward on both of these grounds and also on the ground that his prior convictions had not deterred him from committing the present offense.

Lake's assertions that the district court: 1) failed to provide reasonable notice pursuant to FED. R. CRIM. P. 32 of its intention to depart upward from the sentencing guidelines based upon Lake's role in the offense; and 2) improperly relied upon Lake's role in the offense as a basis for an upward departure from the sentencing guidelines are without merit.  The district court did not depart upward on the basis of Lake's role in the offense. The district court articulated its reasons for sentencing Lake and dismissed him from the sentencing hearing.  Before commenting about one of Lake's co-defendant's role in the offense, the district court stated; "[F]rom this point forward, of course, the hearing is not to affect . . . Mr. Lake." R. 3, 74-75.  The district court's statement to a co-defendant that the co-defendant would not receive a four-level upward departure but would only receive a three-level upward departure does not imply that Lake's sentence was based on his role in the offense.  Accordingly, notice was not required.

Lake's contention that the district court failed to provide proper notice of its intention to depart upward based upon its finding that the loss calculation did not fully account for the

loss of the victims fails. Based upon the Presentence Report's ("PSR") statement that the victim loss information was not complete and the court's order requesting additional information regarding monetary and non-monetary losses and informing the parties that it was considering whether to depart upward based upon U.S.S.G. § 2F1.1 & § 5K2.0 due to the loss determination not fully reflecting the seriousness of the offense conduct, Lake was adequately notified of the possible grounds for an upward departure. See Burns v. United States, 501 U.S. 129, 138-39 (1991); United States v. Milton, 147 F.3d 414, 420-21 (1998).

Given the uncontested statement in the PSR that the victim loss information was incomplete, as well as the limited number of responses regarding non-monetary losses, the district court's determination that the amount of loss as calculated under U.S.S.G. § 2F1.1 did not adequately reflect the loss of the victims was not unreasonable. Therefore, the district court did not abuse its discretion in considering this factor in departing upward from the sentencing guidelines. See United States v. Dadi, 235 F.3d 945, 953 (5th Cir. 2000), cert. denied, 532 U.S. 1072 (2001); Milton, 147 F.3d at 421.

Departures regarding a defendant's recidivism are generally addressed pursuant to U.S.S.G. § 4A1.3, which relates to the adequacy of a defendant's criminal history category. This does not preclude, however, an upward departure based upon recidivism under U.S.S.G. § 5K2.0. United States v. McDowell, 109 F.3d 214, 218

(5th Cir. 1997). Even assuming, *arguendo*, that the district court improperly considered Lake's past criminal conduct and the likelihood of his committing other crimes in departing upward under U.S.S.G. § 5K2.0, we find that any such error was harmless. The primary basis for the district court's departure related to the non-monetary losses of the victims, and the court clearly indicated its intention to impose at least the 41-month sentence that Lake received. See Williams v. United States, 503 U.S. 193, 203 (1992). Therefore, Lake's sentence is AFFIRMED.